## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

YALITZA VALLE,

      Plaintiff,                    CASE NO.

v.

INTERNATIONAL ASSET GROUP, LLC,

      Defendant.

_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, YALITZA VALLE ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, INTERNATIONAL ASSET GROUP, LLC ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person who resides in Sarasota, Sarasota County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6.      Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Buffalo, New York.

7.      Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.      Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Defendant is collecting from Plaintiff on a debt allegedly owed for a payday loan in the amount of approximately $1,596.00.

12.     In June or July 2010, Defendant left a voicemail message for Plaintiff stating that she was "under investigation."

13.     Plaintiff returned this phone message at which time Defendant threatened to take Plaintiff's income tax, garnish Plaintiff's wages and sue Plaintiff.

14.     On September 16, 2010, Defendant's representative, Derek ("Derek"), placed a collection call to Plaintiff from 951-893-5018 and asked Plaintiff to call back to 877-682-4231 ext 770.

15.     Plaintiff returned the call to Derek and Derek informed Plaintiff that Defendant would take Plaintiff's tax return and garnish Plaintiff's wages.

16.     Upon information and belief, Defendant has not taken action against Plaintiff to date.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

17.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)     Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b)     Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt;

c)     Defendant violated *§1692e(4)* of the FDCPA by representing that nonpayment of Plaintiff's alleged debt would result in garnishment of Plaintiff's wages; and

d)     Defendant violated *§1692e(5)* of the FDCPA by threatening to take an action that cannot legally be taken or that is not intended to be taken.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18.     Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

VERIFIED COMPLAINT                                              3

19.   Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20.   Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 x230
Fax:    (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, YALITZA VALLE, hereby demands trial by jury in this action.

VERIFIED COMPLAINT                                                          4

FROM : CPOLO TEAM INTL          FAX NO. :9419210850          Oct. 05 2010 08:31AM P1

### VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORID

       Plaintiff, YALITZA VALLE, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all matters contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for the clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits contain some of my own handwritten notations.

      Pursuant to 28 U.S.C. § 1746(2), I, YALITZA VALLE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _10-5-10_

_____
YALITZA VALLE,
Plaintiff